IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY V. HOWES,<br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br>*Defendants*. | Civil No.: ELH-15-1617;<br><br>Related Cases: ELH-14-2814;<br>RAG-12-30614 (Bankruptcy Case);<br>Adversary Proceeding No. 13-510<br>(within RAG-12-30614) |

**MEMORANDUM**

Jeffrey Howes, debtor/appellant, noted an appeal to this Court on June 3, 2015, from two orders issued by the Bankruptcy Court in RAG-12-30614: (1) Order Approving In Part And Modifying Consent Agreement As To Security Pending Appeal, entered March 9, 2015 (the "Bankruptcy Order"); and (2) Order Denying Debtor's Motion To Reconsider Order Approving In Part And Modifying Consent Agreement As to Security Pending Appeal, entered May 14, 2015 (the "Reconsideration Order"). *See* ECF 1; ECF 1-1 (Bankruptcy Order); ECF 1-2 (Reconsideration Order).

The record on appeal was filed on June 29, 2015. ECF 2. After several requested extensions, appellant filed his appellate brief on August 14, 2015. ECF 7. No opposing briefs were filed.

No hearing is necessary to resolve the appeal. *See* Local Rule 105.6. For the reasons set forth below, I will dismiss the appeal as moot.

**I. Factual Background**

This appeal (the "Second Appeal") is the second one noted by the debtor with respect to Bankruptcy Case RAG-12-30614 (the "Bankruptcy Case"). The case of ELH-14-2814

(sometimes referred to as the "First Appeal" or the "Related Appeal") is relevant to the disposition of the Second Appeal.

Mr. Howes and his wife, Tonya, filed Adversary Proceeding No. 13-510 within Mr. Howes's Chapter 13 Bankruptcy Case, RAG-12-30614.[1] The Adversary Proceeding, rooted in a foreclosure action involving the Howes's residence, was titled *Howes et al. v. Wells Fargo et al.* (the "Mortgage Litigation"). The Complaint in the Adversary Proceeding contained nine counts and was titled "Complaint to Determine Secured Status, Sanctions, and Other Relief." In particular, the Howes sued Wells Fargo Bank N.A. ("Wells Fargo"); U.S.Bank, National Association ("US Bank"); Carrington Mortgage Service, LLC ("Carrington"); and Christiana Trust ("Christiana"), a Division of Wilmington Savings Fund Society, FSB ("WSFS"), as trustee for Stanwich Mortgage Loan Trust, Series 2013-2 ("Stanwich" or "Stanwich Trust"); and "Unknown Defendants 1 through 10."

In general, the Adversary Proceeding related to the Howes' residential mortgage. They challenged the validity of a secured claim, and also challenged efforts of the various defendants to enforce the Howes' promissory note, secured by a Deed of Trust as to the Howes' home.

Judge Gordon dismissed the Adversary Proceeding. *See* Bankruptcy Court Order of May 12, 2014, ECF 28 in Adversary Proceeding; ECF 9 in ELH-14-2814, Appendix 285-287. Except as to the fraud claim in Count I, the Bankruptcy Court granted leave to amend. *Id.* By Order of July 22, 2014, the Bankruptcy Court denied the Howes' Motion to Reconsider. *See* ECF 38 in Adversary Proceeding; ECF 9 in ELH-14-2814, Apx. 297-98. The Howes subsequently noted their First Appeal to this Court, from the dismissal of the Adversary Proceeding. The First Appeal was docketed as ELH-14-02814.

---

[1] Mr. Howes is the sole debtor in the Chapter 13 case. However, both Mr. and Ms. Howes were plaintiffs in the Adversary Proceeding and appellants in ELH-14-2814.

2

While ELH-14-2814 was pending in this Court, Judge Gordon scheduled a Chapter 13 plan confirmation hearing in Mr. Howes' underlying bankruptcy case, to be held on December 17, 2014.  On December 2, 2014, Mr. Howes asked Judge Gordon to continue that hearing.  ECF 140 in RAG-12-30614.  Judge Gordon denied that request on December 9, 2014.  *Id.*, ECF 142.  Then, on December 15, 2014, less than two days before the scheduled confirmation hearing, appellants filed in the Related Appeal (ELH-14-2814) an "Emergency Motion To Stay Plan Confirmation Pending Appeal."  *See* ECF 23 in ELH-14-2814 ("Emergency Motion"); *see also* ECF 144 in Bankruptcy Case.

In the Emergency Motion, the Howes asked this Court to stay the confirmation hearing pending disposition in this Court of their First Appeal, *i.e.*, ELH-14-2814.  *See* ECF 23 at 7 ¶ 6.  The Howes stated, in part, *id.*:  "Appellants respectfully request that this Court stay the bankruptcy court from considering confirmation of Mr. Howes['] Chapter 13 plan until after this appeal [*i.e.*, ELH-14-2814] is resolved . . . ."  The Chapter 13 Trustee, Ellen Cosby, filed a response in opposition.  ECF 28 in ELH-14-2814.  In addition, Wells Fargo, U.S. Bank, and, Christiana Trust, all defendants in the Adversary Proceeding and appellees in ELH-14-2814, opposed the request for stay.  ECF 25 and ECF 26 in ELH-14-2814.

Nevertheless, for the reasons stated in my Order of December 16, 2014 (ECF 29 in ELH-14-2814), I granted the Emergency Motion, "subject to the posting of a bond by appellants within 24 hours of the docketing of this Order, in the bond amount of $100,000."  *Id.* at 1.  In my Order, I also stated, *id.* at 3:  "In the event that the bond (or other adequate security agreed to by the Trustee and/or the bankruptcy court), is not timely posted, the bankruptcy court may promptly reschedule the hearing with respect to confirmation of the plan."

The Howes did not post the bond, apparently because the Trustee (Ellen Cosby) and Mr. Howes reached an agreement on December 17, 2014, as to security pending resolution of the First Appeal, ELH-14-2814. *See* ECF 147 in Bankruptcy Case. Thereafter, Judge Gordon issued an "Order Approving In Part And Modifying Consent Agreement As to Security Pending Appeal," entered March 9, 2015. ECF 153 in Bankruptcy Case; ECF 1-1 in ELH-15-1617. In the Order, Judge Gordon stated that Mr. Howes had initially failed to post the $100,000 bond that I had ordered, and therefore he had rescheduled the confirmation hearing for February 4, 2015 (*see* ECF 149 in Bankruptcy Case). He also noted that the Debtor and the Trustee had "agreed to terms for an interim stay." ECF 1-1 at 2. Judge Gordon approved their agreement with respect to the Debtor's obligation to make monthly payments of $5,980 to the Trustee. *Id.* But, he "determined that the remaining terms should be modified to better fit the circumstances of this case." *Id.*

In sum, Judge Gordon ordered Mr. Howes to make timely, monthly payments of $5,980 to the Chapter 13 Trustee; ordered that if Debtor failed to do so, he would have 5 days from notice of default to cure; if the Debtor failed to cure within 5 days or twice failed to make timely payments, the case would be subject to dismissal; and he ordered a confirmation hearing to be held within 30 days "of the entry by the District Court of a final order resolving the appeal." That was obviously a reference to the only appeal which had then been filed by the Howes: ELH-14-2814, concerning dismissal of the Adversary Proceeding.

On March 23, 2015, Mr. Howes filed a motion in the Bankruptcy Court to reconsider. *See* ECF 156 in Bankruptcy Case; ECF 2-14 in ELH-15-1617. Among other things, the Debtor asserted that the Bankruptcy Court's Order "erroneously states . . . that the Stay Security Agreement was reached *after* the February 4, 2015 [confirmation] hearing was noted." ECF 2-4

4

at 2. He also complained, *inter alia*, that the Bankruptcy Court shortened the parties' agreed upon cure time from 15 days to 5 days, and ordered the "lifting [of] the stay once the appeal is resolved rather than the Mortgage Litigation. . . ." *Id.* at 3. And, the Debtor quarreled with what he regarded as clearly erroneous factual findings in the Order, such as a statement by the Bankruptcy Court that the Debtor had failed to pay his mortgage for 10 years. *Id.*

By Order entered May 14, 2015 (ECF 161 in Bankruptcy Case; ECF 1-2 in Case ELH-15-1617), the Bankruptcy Court denied the motion to reconsider. Thereafter, Mr. Howes noted his second appeal to this Court, docketed as ELH-15-1617. It concerns only the two Bankruptcy Court orders pertaining to the terms of the security pending disposition of the First Appeal, ELH-14-2814.

In ELH-14-2814, by Memorandum Opinion (ECF 30) and Order (ECF 31) entered on September 30, 2015, I upheld the Bankruptcy Court's Order of May 12, 2014, dismissing the Howes' Adversary Proceeding. I also upheld the Bankruptcy Court's Order of July 22, 2014, denying the motion to reconsider the dismissal of the Adversary Proceeding. In addition, in the Order (ECF 31), I said: "The stay of plan confirmation pending the outcome of this appeal, granted by this Court's Order entered December 16, 2014 (ECF 29), is hereby lifted . . . ."

Following my ruling on the merits in ELH-14-2814, the Howes noted an appeal to the United States Court of Appeals for the Fourth Circuit. *See* ECF 33; ECF 34. That appeal is pending. And, I have been advised by the parties that, subsequent to my ruling, the Bankruptcy Court held a confirmation hearing on November 18, 2015.

On November 4, 2015, after this Court's resolution of the First Appeal (ELH-14-2814), I held a conference call with counsel to discuss the status of the Second Appeal, ELH-15-1617. *See* ECF 9 in ELH-15-1617; ECF 35 in ELH-14-2814. In the letter to counsel that followed, I

asked Mr. Howes' attorney to submit a memorandum addressing whether ELH-15-1617 was rendered moot as a result of my ruling in ELH-14-2814.

In response, counsel for Mr. Howes submitted "Memorandum Regarding Appeal Mootness." ECF 10 in ELH-15-1617. He acknowledged that the two orders at issue in ELH-15-1617 concern only the "stay" pending disposition of the "Related Appeal," *i.e.*, ELH-14-2814. ECF 10 at 1-2. But, he insisted that in those orders concerning security pending appeal, the "bankruptcy court also made a number of clearly erroneous factual determinations in the two orders . . . that directly affect the mortgage litigation that is the subject of the Related Appeal." *Id.* at 2. For this reason, he claims the appeal *sub judice* is not moot.

The Trustee, Ellen Cosby, has filed correspondence dated November 25, 2015 (ECF 12). In her view, the appeal in ECF 15-1617 is now moot, in light of this Court's disposition of ELH-14-2814.

In particular, with respect to the appeal to this Court from the two Bankruptcy Court orders, Mr. Howes claims that they include "clearly erroneous factual findings" as to various matters. The allegedly erroneous findings are detailed in appellant's brief (ECF 7 in ELH-15-1617), and in his Memorandum (ECF 10), and generally include the following: Debtor "managed to avoid paying his home mortgage debt for almost a decade"; debtor failed "to make *any* mortgage payments (or even offer to pay them into escrow) for the life of his Chapter 13 case)"; debtor was "in default of his monthly Chapter 13 plan payments"; debtor "sidestepped his mortgage payment obligations"; and the bankruptcy court erroneously "characterized the Mortgage Litigation Defendants as 'mortgage holders' and his 'present home mortgage lenders' with 'lien rights.'" *See* ECF 10 at 3.

Notably, Mr. Howes does not challenge the substance of either order as to the terms of the security pending the appeal in ELH-14-2814. Instead, Mr. Howes is in disagreement with dicta contained in the orders. According to Mr. Howes, "this appeal [*i.e.*, ELH-15-1617] is not moot since it seeks a determination that these factual findings, made by the bankruptcy court after the Related Appeal [*i.e.*, ELH-14-2814] was filed, are clearly erroneous." ECF 10 at 4. Because Mr. Howes disagrees with what he claims are incorrect factual findings in the two orders, it is his view that the appeal in ELH-15-1617 is not moot, even though the terms for security were limited to the appeal to the District Court in ELH-14-2814, and that matter is now on appeal to the Fourth Circuit.

## II. Discussion

Article III of the Federal Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). In *Arizona Christian Sch. Tuition Org. v. Winn*, ____ U.S. ____, 131 S. Ct. 1436, 1442 (2011), the Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary. . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character." *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ____ U.S. ____, 134 S. Ct. 1377, 1387-88 (2014); *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (stating that, under Article III of the Constitution, "'the exercise of judicial power depends upon the existence of a case or controversy'") (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)); *Miller v. Brown*, 462

F.3d 312, 316 (4th Cir. 2006) (stating that Article III "gives federal courts jurisdiction only over cases and controversies") (internal quotation marks and citations omitted).

In *Chafin v. Chafin*, ____ U.S. ____, 133 S. Ct. 1017, 1023 (2013), the Supreme Court said: "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." (internal quotation marks and brackets omitted); *see also Knox v. Service Employees Int'l Union, Local 1000*, ____ U.S. ____, 132 S. Ct. 2277, 2287 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotations marks and citations omitted); *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (stating that a case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation omitted); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937).[2]

In the absence of a case or controversy, "the litigation is moot, and the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d. 475, 482 (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d. 390, 396 n.4 (4th Cir. 2015) (stating that, in the absence of a case or controversy, the court lacks subject matter jurisdiction). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained . . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

---

[2] To be sure, there is a narrow exception to the mootness doctrine, in those cases where a wrong is "capable of repetition yet evading review." *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). This exception does not appear applicable in the context of this case.

When developments occur during the course of a case that prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Mellan v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013).

The recent case of *Cutonilli v. Federal Transit Administration*, ____ Fed. App'x ____, ____, 2015 WL7770192 (4th Cir. Dec. 3, 2015) (per curiam), is informative. In that case, the plaintiff lodged various environmental challenges to the Red Line Project, a proposed east-west mass transit line for Baltimore. *See* ELH-13-2373. The suit plaintiff culminated in a 62-page Memorandum Opinion (ECF 56) and Order (ECF 57) issued by this Court on March 30, 2015, replete with factual findings that supported the legal conclusions and the award of summary judgment in favor of the defendants. *Id.* The plaintiff then moved to reconsider on April 27, 2015 (ECF 58), and that motion was denied by Memorandum (ECF 65) and Order (ECF 66) of June 26, 2015.

In the Memorandum denying the motion to reconsider (ECF 65), I pointed out that one day earlier, on June 25, 2015, Governor Hogan announced that he would not fund the Red Line Project, and thus the case appeared moot. *Id.* at 3 n.1. However, because I was uncertain of the finality of Governor Hogan's day-old decision, I proceeded to address the merits of the motion to reconsider.

Thereafter, plaintiff noted an appeal to the Fourth Circuit. ECF 67. The Fourth Circuit determined that "the appeal has been rendered moot" by the decision to cancel the Red Line Project. *Cutonilli*, 2015 WL 7770192, at *1. Therefore, it vacated and remanded to this Court, with instructions to dismiss the case. *Id.* Its ruling did not reach the merits, leaving untouched any possible errors I may have made in my factual findings.

Under the rationale of the cases mentioned above, I am of the view that the appeal in ELH-15-1617 is now moot. The two orders at issue pertained to the terms of security pending resolution by this Court of the appeal in ELH-14-2814. I resolved the appeal in ELH-14-2814 on September 30, 2015, and the case is now pending on appeal in the Fourth Circuit. There, Mr. Howes will have the opportunity to present his version of the facts. But, there is no basis for me to review the two orders concerning security pending an appeal to this Court because that particular appeal has been concluded, and that is what was at issue in ELH-15-1617. In regard to the security, no relief could be granted.

An Order follows.

Date:  December 8, 2015                            /s/
                                                    Ellen L. Hollander
                                                    United States District Judge